SETH M. LEHRMAN (178303)
seth@pathtojustice.com
Plaintiff's counsel
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone:  954-524-2820
Facsimile: 954-524-2822

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

RYOO DENTAL, INC. d/b/a RYOO
DENTAL, individually and on behalf
of all others similarly situated,

     Plaintiff,

vs.

DARBY DENTAL SUPPLY, LLC,

     Defendant.

**CLASS ACTION COMPLAINT**

     Plaintiff, RYOO DENTAL, INC. d/b/a RYOO DENTAL ("Plaintiff") brings this class action under Rule 23 of the Federal Rules of Civil Procedure against DARBY DENTAL SUPPLY, LLC ("Defendant"), for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the regulations promulgated thereunder.  In support, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

     1.    Congress first addressed the growing problem of abusive telemarketing practices, including the transmission of unsolicited advertisements via facsimile machines, in the Telephone Consumer Protection Act of 1991 ("TCPA"), Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227).  As the legislative history explained, because facsimile machines "are designed to accept, process, and

print all messages which arrive over their dedicated lines," facsimile advertising imposes burdens on unwilling recipients that are distinct from the burdens imposed by other types of advertising. H.R. Rep. No. 317, 102d Cong., 1st Sess. 11 (1991).

2.     In 2005, Congress amended the facsimile advertising provisions of the TCPA in the Junk Fax Prevention Act of 2005 ("JFPA"), Pub. L. No. 109-21, 119 Stat 359 (2005), among other things, by requiring that an "opt- out" notice be provided on advertisements transmitted by facsimile machines. 47 U.S.C § 227(b)(1)(C)(iii). This notice is required on all facsimile advertisements, even those sent to persons who have had had an existing business relationship with the sender/advertiser and/or have provided prior consent to receive advertisements from the sender. 47 C.F.R. § 64.1200(a)(4)(iii) and (iv).

3.     Despite these requirements, Defendant, or some person authorized to do so on its behalf, has routinely and systematically caused to be sent out to Plaintiff and Class Members one or more "blasts" of fax advertisements for goods and/or services without the proper opt-out notice required by the TCPA and its regulations (hereinafter "opt-out notice").

4.     Defendant's violation of this procedural right, by sending fax advertisements without the mandated opt-out notice, is sufficient to satisfy the injury in fact requirement for Article III standing analysis.  In addition, Plaintiff and members of the proposed class have suffered an invasion of a legally protected interest that is concrete and particularized.

5.     Plaintiff and Class Members have suffered actual harm as a direct result of Defendant's transmission of unsolicited fax advertisements in violation of the TCPA. The subject harm caused by Defendants' conduct is a concrete injury because the unsolicited and violative fax advertisements interfere with the legitimate business enterprise of Plaintiff and Class Members.  The injury caused by Defendant's conduct is particularized because it affects Plaintiff in a personal and individual way. Plaintiff received the fax advertisements from Defendant that are the subject of the instant

action. Defendant's transmission of the subject faxes was intrusive and potentially dangerous to Plaintiff.  Defendant's transmission of the unsolicited fax advertisements interfered with Plaintiff's legitimate business enterprise.

6.     The TCPA provides a private cause of action for violation of its provisions and violations of the rules promulgated under the Act.  Defendant is therefore liable to Plaintiff and the proposed Class of similarly situated persons under the TCPA, and for Class Members and itself individually, Plaintiff seeks an injunction, requiring Defendant to cease all junk faxes and an award of statutory damages to Plaintiff and Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

9.     The Court has personal jurisdiction over Defendant because it conducts business in this state, including substantial business in this district.

## PARTIES

10.     Plaintiff's principal place of business is in Orange County, California. Plaintiff is a citizen of the state of California.

11.     Defendant is a Delaware limited liability company and is a citizen of the state of New York with its principal place of business at 300 Jericho Quadrangle, Jericho, NY 11753.  Defendant operates or is affiliated with the Internet website, https://www.darbydental.com  (last visited Dec. 19, 2016), and has a business model whereby it sends unlawful facsimile advertisements.

12.     Defendant, directly or else through other persons acting on its behalf, conspired to, agreed to, contributed to, assisted with, or otherwise caused all of the

3

1  wrongful acts and omissions, including the dissemination of the junk faxes that are the
2  subject matter of this Complaint.

3  **THE TCPA AND CORRESPONDING REGULATIONS**

4  13.   The Telephone Consumer Protection Act of 1991 ("TCPA"), Pub. L. 102-
5  243, § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.

6  14.   In pertinent part, 47 U.S.C. § 227(b) provides "[i]t shall be unlawful for
7  any person within the United States, or any person outside the United States if the
8  recipient is within the United States . . . to use any telephone facsimile machine,
9  computer, or other device to send an unsolicited advertisement to a telephone facsimile
10  machine[.]"

11  15.   An "unsolicited advertisement" is defined in the TCPA as "any material
12  advertising the commercial availability or quality of any property, goods, or services
13  which is transmitted to any person without that person's prior express invitation or
14  permission." 47 U.S.C. § 227(a)(5).   Under TCPA regulations, "The term
15  *advertisement* means any material advertising the commercial availability or quality of
16  any property, goods, or services."  47 C.F.R. § 64.1200(f)(1).

17  16.   In enacting 47 U.S.C. § 227(b), Congress concluded that a prohibition on
18  unsolicited facsimile advertisements is "the *minimum* necessary to protect unwilling
19  recipients from receiving fax messages that are detrimental to the owner's uses of his or
20  her fax machine." S. Rep. No. 178, 102d Cong., 1st Sess. 6 (1991), 1991 U.S.C.C.A.N
21  1969, 1975-76 (emphasis added).

22  17.   Accordingly, the amended regulations further provide the additional
23  protection that "[a] facsimile advertisement that is sent to a recipient that has provided
24  prior express invitation or permission to the sender must include an opt-out notice that
25  complies with the requirements in paragraph (a)(4)(iii) of this section. 47 C.F.R. §
26  64.1200(a)(4)(iv).

27  18.   The opt-out notice required by Section 64.1200(a)(4)(iii) for facsimile
28  advertisements sent with prior express invitation or permission—those not technically

falling under the definition of "unsolicited advertisement"—still must contain the same information as the notice required for facsimile advertisements sent to recipients on the basis of an established business relationship or to those recipients who did not provide permission or consent to receive the advertising. *See* 47 C.F.R. § 64.1200(a)(3)(iv).

19. Under the TCPA and 47 C.F.R. § 64.1200(a)(3)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section;

(D) The notice includes--

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost- mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

20.     Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

21.     Senders of fax ads must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

## DEFENDANT'S UNLAWFUL COURSE OF CONDUCT

22.     Upon information and belief, Defendant has, from prior to the date of the filing of the instant Complaint through the present, systematically and under a uniform policy and procedure sent or arranged to be sent hundreds, or thousands, of fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers to fax machines throughout the United States, including those of Plaintiff and Class Members, which did not contain an opt-out notice as required by the TCPA.

23.     The fax advertisements that Defendant causes to be sent contain preprinted, standardized text and format.

24.     Defendant's advertising by fax was not sporadic or unorganized, but instead was part of a well-organized mass advertising tactic and campaign. The fax ads at issue were "unsolicited advertisements" within the meaning of the TCPA.

25.     All of Defendant's fax ads must have the required opt-out notice, which uniformly they did not. Each fax advertisement sent to Plaintiff and to each Class Member routinely failed to include the opt-out notice required by the TCPA and its regulations.

26.     An exemplar of one of the fax advertisements that Defendant sent or caused to be sent to Plaintiff and Class Members is attached hereto as **Exhibit A**. Exhibit A lacks an opt-out notice on page one with a statement that "the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph [47 C.F.R.§

6

64.1200] (a)(4)(v) of this section is unlawful." *See* 47 C.F.R. § 64.1200a(4)(iii)(B). Exhibit A also does not include on page one the mandatory disclosure indicating how a recipient must opt out of receiving future facsimile advertisements as set forth in 47 C.F.R.§64.1200](a)(4)(iii)(C) and (4)(v).

27.    Rather, a notice on page 2 of Exhibit A states, "[i]f you received this in error, please contact this sender and destroy all copies of this document."

28.    Upon information and belief, Defendant's sending of the foregoing fax and others, or Defendant's causing them to be sent, was conscious and deliberate. Defendant either directly participated in sending the faxes itself or an agent or contractor or third party did so on its behalf with Defendant's knowledge.

29.    Upon information and belief, Defendant's sending of the faxes or its causing them to be sent was performed without due care; with reckless disregard concerning the rights and obligations under the TCPA; and/or when Defendant had reason to know, or should have known, that its conduct or the conduct of those acting on its behalf could constitute a violation of the statute.

30.    Upon information and belief, Defendant's course of conduct set out above is ongoing and adverse to the public interest and the policies underlying the TCPA. Unless enjoined and restrained by an order of this Court, Defendant will continue to engage in the unlawful acts and practices set out herein.  Such actions and conduct by Defendant have violated the TCPA rights of Plaintiff and Class Members and Defendant's duties to them under the TCPA, and unless enjoined by the Court Defendant will continue to aggrieve Plaintiff and Class Members in the future.

## FACTS CONCERNING THE REPRESENTATIVE PLAINTIFF

31.     Plaintiff still has and had, at all relevant times to this action, telephone facsimile service at (714) 333-1840 at its place of business at 2240 N. Harbor Blvd., Suite 110, Fullerton, CA 92835.

32.     Plaintiff receives facsimile transmissions ("faxes") at this number, using a telephone facsimile machine ("fax machine").

33.     Upon information and belief, on or about December 6, 2016, Defendant, without Plaintiff's express invitation or permission,  arranged for or caused a telephone facsimile machine, computer, or other device to send an unsolicited fax advertisement, advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at its principal place of business.  A copy of the fax advertisement is attached hereto as **Exhibit A** and is incorporated herein by reference.

34.     **Exhibit A** was wholly unsolicited in that Defendant sent it to Plaintiff without Plaintiff's express invitation or permission.

35.     Rather, on information and belief, Defendant's Senior Account Manager, Sharon Fielder, whose name is on **Exhibit A**, left a voicemail message for Plaintiff describing Defendant's special buy-two get-one-free sale.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

All persons in the United States who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express invitation or permission for the sending of such faxes, (4) with whom Defendant does not have an established business relationship, or (5) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

Excluded from the Class are: Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers, and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

37.    This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

38.    **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conducted consisted of a standardized fax campaign and widely disseminated standardized fax electronically sent to particular telephone numbers, Plaintiff believes, at a minimum, there are hundreds of Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

39.      Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's fax and marketing records.

40.      Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

41.      **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

(a)      Whether Defendant or someone acting on Defendant's behalf sent fax advertisements promoting the commercial availability or quality of any property, goods, or services to Plaintiff and Class Members and the legal relationship between Defendant and any person sending those faxes on its behalf;

(b)      Whether the fax advertisements sent to Plaintiff and Class Members were sent via mass or organized advertising campaigns and how Defendant acquired the names and fax numbers of Plaintiff and Class Members;

(c)      Whether the fax advertisements sent to Plaintiff and Class Members contained the opt-out notice required by the TCPA and its regulations;

(d)      Whether the fax advertisements sent to Plaintiff and Class Members violate the TCPA and its regulations;

(e)      Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

(f) Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

(g) Whether Plaintiff and members of the Class are entitled to statutory damages per facsimile or per violation of the TCPA and its regulations; and

(h) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

42. One or more questions or issues of law or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

43. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

44. Plaintiff and members of the Class each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no purported opt-out notice, which Defendant sent or caused to be sent to Plaintiff and the members of the Class.

45. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class-action litigation.

46. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result,

1  the expense and burden of individual litigation makes it economically infeasible and

2  procedurally impracticable for each member of the Class to individually seek redress

3  for the wrongs done to them. Plaintiff does not know of any other litigation concerning

4  this controversy already commenced against Defendant by any member of the Class.

5  The likelihood of the individual members of the Class prosecuting separate claims is

6  remote. Individualized litigation would also present the potential for varying,

7  inconsistent or contradictory judgments, and would increase the delay and expense to

8  all parties and the court system resulting from multiple trials of the same factual issues.

9  In contrast, the conduct of this matter as a class action presents fewer management

10 difficulties, conserves the resources of the parties and the court system, and would

11 protect the rights of each member of the Class. Plaintiff knows of no difficulty to be

12 encountered in the management of this action that would preclude its maintenance as a

13 class action.

14      47.    **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an

15 alternative to or in addition to certification of the Class under Rule 23(b)(3), class

16 certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds

17 generally applicable to Plaintiff and members of Class, thereby making appropriate

18 final injunctive relief with respect to Plaintiff and Class Members as a whole.  Plaintiff

19 seeks injunctive relief on behalf of Class Members on grounds generally applicable to

20 the entire Class in order to enjoin and prevent Defendant's ongoing violations of the

21 TCPA, and to order Defendant to provide notice to them of their rights under the

22 TCPA to statutory damages and to be free from unwanted faxes.

23                        <u>**COUNT I**</u>

24              <u>**Telephone Consumer Protection Act**</u>

25                <u>**(Violation of 47 U.S.C. § 227)**</u>

26      48.    Plaintiff repeats each and every allegation contained in all of the above

27 paragraphs and incorporates such allegations by reference.

28

49.     Plaintiff brings this action individually and on behalf of the Class defined above against Defendant for its violation of the TCPA and the rules prescribed under it by the FCC.

50.     At all times material to this action, Defendant was a person that used or caused to be used a "telephone facsimile machine, computer, or other device" to send, to a "telephone facsimile machine" an "unsolicited advertisement" or an "advertisement" within the meaning of the TCPA and its regulations.

51.     Defendant sent or caused to be sent hundreds or thousands of these advertisements exemplified by Exhibit A.  Plaintiff and each Class Members received at least one of them.

52.     Each of the foregoing advertisements violated the TCPA because they failed to contain the opt-out notice required by 47 U.S.C § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv); and 47 C.F.R. § 64.1200(a)(4)(iii).

53.     Accordingly, Plaintiff and the members of the Class are entitled to statutory damages under 47 U.S.C. § 227(b).

54.     If it is found that Defendant willfully or knowingly sent or caused to be sent fax advertisements to Plaintiff and the members of Class in violation of the TCPA, Plaintiff requests an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

55.     Furthermore, Plaintiff and members of the Class are entitled to an order enjoining Defendant's violations of the TCPA under 47 U.S.C. § 227(b), because: Defendant has violated their TCPA rights and its duties owed to them under the statute; Defendant's violations continue and will continue to violate the statutory rights of Plaintiff and Class Members and others in the future; there is no fully adequate remedy at law for Defendant's conduct; irreparable injury will be suffered unless an injunction is issued to stop Defendant from violating the TCPA; any potential injury to Defendant

1   attributable to an injunction is outweighed by the injury that Plaintiff and Class

2   Members and the public will suffer if such injunction is not issued; and the injunction

3   would not be adverse to the public interest.

4        **WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of it

5   and the Class and against Defendant, for:

6        A.    An order certifying the Class under Rule 23(a); and Rule 23 (b)(2), (b)(3)

7               or both, or as to particular issues under Rule 23(c)(4); and appointing

8               Plaintiff as the representative of the Class; and appointing the counsel

9               representing Plaintiff as counsel for the Class;

10       B.    An award to Plaintiff and the members of the Class of statutory damages

11              pursuant to 47 U.S.C. § 227(b)(3), for each of Defendant's violations of

12              that statute.

13       C.    If it is found that Defendant willfully or knowingly sent or caused to be

14              sent fax advertisements to the Class in violation of the TCPA, an increase

15              by the Court of the award of statutory damages pursuant to 47 U.S.C. §

16              227(b) prayed for to three times that amount described in the previous

17              paragraph, as authorized by 47 U.S.C. § 227(b)(3), for willful or knowing

18              violations.

19       D.    An injunction against Defendant, prohibiting Defendant from committing

20              further violations of the TCPA and the regulations promulgated

21              thereunder;

22       E.    An award of attorney's fees and costs; and,

23       F.    Such other and further relief as the Court may deem just and proper.

24                          **<u>JURY DEMAND</u>**

25   Plaintiff requests a trial by jury.

26

27

28

1

## **DOCUMENT PRESERVATION DEMAND**

2      Plaintiff demands that Defendant take affirmative steps to preserve all records,

3  lists, electronic databases or other itemization of telephone or fax numbers associated

4  with the Defendant and the communication or transmittal of advertisements as alleged

5  herein.

6

7  Dated: February 9, 2017                    Respectfully submitted,

8

9                                              */s/ Seth M. Lehrman*
                                               Seth M. Lehrman (CBN 178303)
10                                             Email: seth@pathtojustice.com
                                               **FARMER, JAFFE, WEISSING,**
11                                             **EDWARDS, FISTOS & LEHRMAN, P.L.**
12                                             425 North Andrews Avenue, Suite 2
                                               Fort Lauderdale, FL 33301
13                                             Telephone: (954) 524-2820
                                               Facsimile: (954) 524-2822
14

15                                             *Attorney for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28