CARLSON & MESSER LLP
Charles R. Messer (SBN 101094)
messerc@cmtlaw.com
Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
9841 Airport Blvd., Suite 1200
Los Angeles, CA 90045
Telephone: (310) 242-2200
Facsimile: (310) 242-2222
Attorneys for Defendant,
DARBY DENTAL SUPPLY, LLC

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYOO DENTAL, INC. d/b/a/ RYOO DENTAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DARBY DENTAL SUPPLY, LLC,<br><br>Defendant | Case No.: 8:17-cv-00233-JLS-KES<br><br>**STIPULATION TO DISMISS** |

    1.    Plaintiff Ryoo Dental, Inc. d/b/a Ryoo Dental and Defendant Darby Dental Supply, LLC, by and through their undersigned counsel, submit this Stipulation of Dismissal pursuant to the Court's October 4 Order Denying Stipulation to Dismiss Case (ECF No. 21).

    2.    A copy of the parties' Settlement Agreement and General Release ("Settlement Agreement") dated as of July 25, 2017, is attached as Exhibit A and filed under seal.

{00076732;1}

3.     The parties hereby stipulate and agree as follows:

Plaintiff filed his class action complaint on February 9, 2017, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  The proposed class has not been certified. The parties resolved this putative class action on individual basis under the terms and conditions set forth in the Settlement Agreement. See Exhibit A.

4.     "To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'" *Tombline v. Wells Fargo Bank*, N.A., No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)) (recognizing that, based on 2003 amendments to Fed. R. Civ. P. 23, there is "'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals"). The purpose of analyzing these so-called Diaz factors "is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (quoting *Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 W L 5940846, at *1 (N. D. Cal. Nov. 27, 2012).

5.     As to the first *Diaz* factor, the parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action.  Media attention regarding the action has been sparse. Shortly after the

{00076732;1}

action was filed, two mentions were published: the first on February 9, 2017[1] and the second on March 8, 2017[2].

6. Plaintiff is not aware of any other media attention and has not received any inquiries from others regarding the action. The putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way.

7. As to the second *Diaz* factor, the pendency of this putative class action tolled the statute of limitations applicable to any individual or class claims based on the same facts and circumstances. *See, e.g., Resh v. China Agritech, Inc.*, 857 F.3d 994, 1005 (9th Cir. 2017). Thus, should the Court approve this Stipulation of Dismissal, the unnamed putative class members will be in the same position as they were at the time plaintiff filed its class action complaint. The TCPA has a four-year statute of limitations. Plaintiff filed its Complaint on February 9, 2017, only three months after the December 6, 2016 fax at issue.

8. As to the third *Diaz* factor, the Settlement Agreement does not resolve or concede any class interest nor demonstrate collusion to the detriment of the putative class. The settlement is structured as an individual resolution of plaintiff's claims. Plaintiff ultimately did not seek to serve as a class representative, nor was it certified as a class representative. Thus, plaintiff was not empowered to, could not, and did not seek to settle or resolve class claims. The terms and conditions of the Settlement did not release claims of unnamed putative class members nor prejudice their rights. *See, e.g.*, Exhibit A ¶ 2.

9. Moreover, after Plaintiff filed its Complaint, the D.C. Circuit held that the FCC lacked authority to promulgate rule which required businesses to include

---

[1] https://www.classaction.org/news/tcpa-class-action-dialed-up-against-darby-dental-supply (last visited Oct. 24, 2017)

[2] https://www.allaboutadvertisinglaw.com/ (last visited Oct. 24, 2017)

{00076732;1}

opt-out notices on solicited fax advertisements. *Bais Yaakov of Spring Valley v. Fed. Commc'ns Comm'n*, 852 F.3d 1078 (D.C. Cir. 2017). Such notices were the basis of Plaintiff's TCPA claim.

10. Based on the *Diaz* factors, as described above, the terms and conditions of the Settlement Agreement, the absence of any collusion, and the lack of prejudice to unnamed putative class members, the parties do not believe that it is necessary to notify any such class members of the settlement.

11. WHEREFORE, the parties request that the Court enter the attached order (1) dismissing plaintiff's individual claims with prejudice; and (2) dismissing plaintiff's class claims without prejudice.

**FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.**

Dated: October 31, 2017        s/Seth M. Lehrman
                               Seth M. Lehrman
                               *Attorneys for Plaintiff,*
                               RYOO DENTAL, INC. d/b/a/ RYOO DENTAL

**CARLSON & MESSER LLP**

Dated: October 31, 2017        s/Charles R. Messer
                               Charles R. Messer
                               Stephen A. Watkins
                               *Attorneys for Defendant,*
                               DARBY DENTAL SUPPLY, LLC

{00076732;1}

## ATTESTATION

I, Charles R. Messer, am the ECF user whose identification and password are being used to file the Stipulation to Dismiss. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all counsel whose electronic signatures in the Stipulation provided their authority and concurrence to file that document.

**CARLSON & MESSER LLP**

Dated: October 31, 2017   By: s/Charles R. Messer
  Charles R. Messer
  Attorneys for Defendant,
  *DARBY DENTAL SUPPLY, LLC*

{00076732;1}